```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
   UNITED STATES OF AMERICA,                                :
                                                            :
                                                            :  22 Cr. 589 (LGS)
                       -against-                            :
                                                            :  OPINION AND ORDER
                                                            :
   KONRAD BICHER,                                           :
                                          Defendant.        :
                                                            :
------------------------------------------------------------X
```

LORNA G. SCHOFIELD, District Judge:

Defendant is charged in a three-count indictment in connection with two alleged fraudulent schemes. Defendant brings a motion to sever counts. For the reasons below, the motion is denied.

## I.   BACKGROUND

Defendant was arrested on June 29, 2022, pursuant to a one-count Complaint, sworn to June 27, 2022. Familiarity with its allegations is assumed. On October 27, 2022, Defendant was charged in a three-count Indictment. Count One charges Defendant with wire fraud in a scheme to defraud New York City landlords by entering into lease agreements to rent apartment units in Manhattan with no intention of abiding by the lease terms, including the prohibition on renting the units to third parties on a short-term basis and the obligations to make rental payments (the "Rental Property Scheme"). Count Two charges Defendant with wire fraud in a scheme to obtain fraudulent Government-guaranteed loans through the Payment Protection Program ("PPP") of the United States Small Business Administration (the "PPP Loan Scheme"). Count Three charges Defendant with aggravated identity theft in connection with the PPP Loan Scheme.

## II.   DISCUSSION

Defendant moves to sever Count I from Counts II and III, arguing that a joint trial of all three counts would violate Federal Rule of Criminal Procedure 14(a). That rule states: "If the

joinder of offenses or defendants in an indictment . . . appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Government opposes the motion.

### A. Applicable Law

The Government may join multiple offenses in an indictment only if the offenses are "of the same or similar character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a). Rule 8(a) requires only that the offenses be "somewhat alike" or have a "general likeness." *United States v. Rivera*, 546 F.3d 245, 253 (2d Cir. 2008) (internal quotation marks omitted); *accord United States v. Griffin*, 811 F. App'x 683, 685 (2d Cir. 2020) (summary order). "Joinder is proper where the same evidence may be used to prove each count, or if the counts have a sufficient logical connection." *United States v. Page*, 657 F.3d 126, 129 (2d Cir. 2011) (cleaned up); *accord United States v. Kemp*, No. 21 Crim. 1684, 2023 WL 405763, at *6 (2d Cir. Jan. 26, 2023). Rule 8 provides a "liberal standard for joinder." *United States v. McGrath*, 558 F.2d 1102, 1106 (2d Cir. 1977); *accord United States v. Spear*, No. 20 Crim. 51, 2021 WL 794784, at *4 (D. Vt. Mar. 2, 2021).

Even if counts within an indictment are properly joined under Rule 8, the Court may order severance of offenses under Rule 14(a) if the defendant may suffer prejudice by being required to defend the multiple counts at trial. *See United States v. Werner*, 620 F.2d 922, 928 (2d Cir. 1980); *accord United States v. Samuels,* No. 18 Crim. 306, 2020 WL 5517772, at *3 (S.D.N.Y. Sept. 14, 2020). "Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." *Zafiro v. United States*, 506 U.S. 534, 538-39 (1993). Severance should be granted "under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* at 539; *accord United States v.*

*Cacace*, 796 F.3d 176, 192 (2d Cir. 2015).  "The principles that guide the district court's consideration of a motion for severance usually counsel denial."  *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993); *accord United States v. Tuzman*, 301 F. Supp. 3d 430, 440 (S.D.N.Y. 2017).  "[L]ess drastic measures [than severance], such as limiting instructions, often will suffice to cure any risk of prejudice and permit joinder."  *Page*, 657 F.3d at 129 (alteration in original) (internal quotation marks omitted).

    B.  Analysis

For the reasons below, Defendant's motion to sever Count I is denied.  He argues, principally, that "there is no logical connection between Count I and Counts II & III."  The latter charges do not share a "general likeness" to the conduct alleged in Count I, as the "facts and the manner in which the schemes were carried out are completely dissimilar."  As "evidence supporting Counts II and III is different in nature and would be different from that introduced in any trial on Count I," Defendant would be unfairly prejudiced by a joint trial of the three counts.  Defendant agrees that Counts II and III should be tried together.

Defendant's argument is unpersuasive.  Although Counts I and II arise out of different alleged schemes -- one involving allegedly fraudulent PPP loans and the other lease agreements for residential apartment units -- both relate to Defendant's control over companies that rented apartment units on a short-term basis.  There appears also to be some overlap in the companies involved across the two schemes, as well as the bank accounts where the proceeds were sent.  The schemes, therefore, have a "general likeness" sufficient to satisfy the "liberal standard" of Rule 8(a).  *McGrath*, 558 F.2d at 1106.

Defendant fails to articulate how he would be prejudiced by a joint trial, and why a "less drastic" measure such as a limiting instruction would not cure the risk of any such prejudice.  He contends that "joinder of these counts" precludes "any reasonable juror from being able to follow a

proper limiting instruction, causing [Defendant] to suffer a significant danger of being unfairly prejudiced." The Court perceives no such prejudice, much less any that "is sufficiently severe to outweigh the judicial economy that would be realized by avoiding multiple lengthy trials." *United States v. Guttenberg*, No. 7 Crim. 141, 2007 WL 4115810, at *8 (S.D.N.Y. Nov. 14, 2007). Juries "are not only able to compartmentalize [evidence] as required, but do it with care and, frequently, visible results in the form of verdicts that distinguish among counts." *United States v. Buyer*, No. 22 Crim. 397, 2023 WL 1381970, at *1 (S.D.N.Y. Jan. 31, 2023) (alteration in original) (internal quotation marks omitted).

### III.   CONCLUSION

For the foregoing reasons, Defendant's motion to sever counts is **DENIED**.

The Clerk of Court is respectfully directed the close the motion at Dkt. No. 28.

Dated:  March 7, 2023
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE